UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON BRAATZ | § | |
| | § | |
| V. | § | CA No. 1:21-cv-00305-RP |
| | § | |
| I.Q. DATA INTERNATIONAL, INC. AND | § | |
| G&I VII CLUB OF THE ISLE JV LP | § | |

**DEFENDANT I.Q. DATA INTERNATIONAL, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF JASON BRAATZ'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant I.Q. Data International, Inc. ("Defendant") through undersigned counsel, files this First Amended answer to the Fist Amended Complaint ("Complaint") of Plaintiff Jason Braatz ("Plaintiff"), and to any subsequent amended or supplemental complaints, and would respectfully show the Court as follows:

**NATURE OF ACTION**

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint insofar as Plaintiff alleges that Defendant committed or engaged in unlawful or actionable conduct under the Fair Debt Collection Practices Act (the "FDCPA"), the Texas Debt Collection Act ("TDCA") or otherwise. Defendant further denies the allegations contained in Paragraph 1 of the Complaint to the extent that the allegations contend that Defendant is responsible, in whole or part, for Plaintiff's claimed damages, if any. The remaining allegations contained in Paragraph 1 of the Complaint require no response from Defendant.

**VENUE**

2. Defendant does not contest the allegations contained in Paragraph 2 of the Complaint as to venue.

## PARTIES

3. Defendant lacks sufficient information to admit or deny the current county of residence of Plaintiff as alleged in Paragraph 3 of the Complaint. However, Defendant assumes that Plaintiff has correctly identified his current county of residence.

4. The allegations in Paragraph 4 of the Complaint require no response from Defendant other than confirmation that it has been served.

5. The allegations in Paragraph 5 of the Complaint requires no response from Defendant. However, if a response is required, Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. With respect to the allegations in Paragraph 6 of the Complaint, Defendant admits that it has attempted to collect a debt from Plaintiff and assumes Defendant is aware of such activities.

7. Based on current information and belief, Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint Defendant to the extent they allege or imply that Plaintiff disputed the debt (and argued that he did not owe the debt) on the date specified, November 12, 2020. Otherwise, Defendant admits that sometime

after November 12, 2020, Plaintiff disputed the debt and argued that he did not owe the debt (as many debtors do when facing collections).

13. Defendant denies the allegations in Paragraph 13 of the Complaint Defendant to the extent it implies Plaintiff disputed the debt (and argued that he did not owe the debt) on the date specified, November 12, 2020. Otherwise, Defendant admits that Plaintiff later disputed the debt and argued that he did not owe the debt (as many debtors do when facing collections).

14. With respect to the allegations in Paragraph 14 of the Complaint, Defendant admits that it verified the debt with the creditor and provided proof of same to Plaintiff in February 2021.

15. Based on current information and belief, Defendant denies the allegations in Paragraph 15 of the Complaint

16. The allegations in Paragraph 16 of the Complaint requires no response from Defendant. To the extent that it does, Defendant admits that the partial sentence quoted without any context appears on Defendant's website among many other written materials.

17. Defendant admits the allegations in Paragraph 17 of the Complaint insofar as the debtor retained Defendant to perform debt collection services on Plaintiff's account. Otherwise, Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required.

### COUNT 1 FDCPA § 1692e (2)

25. No response from Defendant is require respective of the allegations in Paragraph 25 of the Complaint except to the extent Defendant re-asserts its previous answers in the preceding paragraphs.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

### COUNT II.  TDCA §392.304(a)(8)

29. No response from Defendant is require respective of the allegations in Paragraph 29 of the Complaint except to the extent Defendant re-asserts its previous answers in the preceding paragraphs.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks sufficient information currently to admit or deny the allegations in Paragraph 32 of the Complaint.

### COUNT III.  TDCA §392.202

33. No response from Defendant is require respective of the allegations in Paragraph 29 of the Complaint except to the extent Defendant re-asserts its previous answers in the preceding paragraphs.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

### PRAYER FOR RELEIF

36. Defendant states that no answer is required to Plaintiff's prayer for relief. However, if a response is required, Defendant denies the allegations in the prayer for relief and Paragraphs a-e contained therein and denies that Plaintiff has any basis for obtaining any relief from Defendant, as requested in his Complaint or otherwise.

### AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following affirmative and other defenses in answer to the allegations to the complaint, undertaking the burden of proof only as to those defenses deemed affirmatively defenses by law, regardless of how the defenses are denominated below.

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

2. Additionally, and/or alternatively, Defendant asserts that the causes of action alleged in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, unclean hands, and other equitable doctrines.

3. Additionally, and/or alternatively, Defendant asserts that it did not engage in any actionable conduct under the FDCPA, and/or the TDCA and clearly did not engage in any conduct that was unconscionable, outrageous, intentional, and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

4. Additionally, and/or alternatively, Plaintiff's damages, if any, are a result of his failure to take reasonable steps to mitigate his alleged damages.  Accordingly, Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages, which reasonably could have been avoided.

5. Additionally, and/or alternatively, the Complaint, and each cause of action alleged herein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c).

6. Additionally, and/or alternatively, assuming arguendo that this Defendant violated any provision of the FDCPA or TDCA as alleged in the Complaint, which presupposition Defendant vehemently denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c); Tex. Fin. Code Ann. § 392.401 (West 2016).

7. Additionally, and/or alternatively, Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted; Defendant asserts that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose.  Further, Defendant acted in good faith in the honest

belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant, including reliance on information provided by the creditor. Accordingly, Plaintiff is barred from any recovery in this action.

8. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted; Defendant asserts that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant, including reliance on information provided by the creditor. Accordingly, Plaintiff is barred from any recovery in this action.

9. Defendant would show that Plaintiff's damages, if any, were not caused by Defendant, but were caused, in whole or in part, by the acts and/or omissions of Plaintiff, other defendants, third parties, instrumentalities, and/or other factors over whom/which Defendant had no right of control and for whom/which Defendant is and was not responsible. To the extent that Plaintiff suffered any damages as a result of such parties or instrumentalities, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between Defendant and the event sued upon.

10. Additionally, and/or alternatively, any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

11. Additionally, and/or alternatively, Defendant substantially complied with the statute(s) at issue.

12. Additionally, and/or alternatively, Plaintiff suffered no damages or injury.

13. To the extent that the basis of Plaintiff's primarily legal claims are proven to be false, Defendant asserts that it would be entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, crossclaims, and/or third party claims, as additional investigation, discovery, or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by the Complaint.

2. That the Complaint be dismissed with prejudice; and

3. That judgment be entered in favor of Defendant, and against Plaintiff, on all counts in which claims have been asserted against Defendant, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully submitted,

By: /s/ Lee H. Staley
    Lee H. Staley
    Attorney-In-Charge
    State Bar No. 24027883
    Federal Bar No. 30072
    lstaley@serpejones.com

**ATTORNEYS FOR DEFENDANT
I.Q. DATA INTERNATIONAL, INC.**

**COUNSEL:**
SERPE, JONES, ANDREWS, CALLENDER
  & BELL, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: 713.452.440

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Texas Rules of Civil Procedure, on this the 24th day of May 2021.

Tyler Hickle
Law Office of Tyler Hickle
4005C Banister Lane, Suite 120
Austin, Texas 78704

                                      */s/ Lee H. Staley*
                                      Lee H. Staley