IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JASON BRAATZ, § | |
| § | |
| Plaintiff § | |
| vs. § | Civil Case No. 1:21-cv-00305 |
| § | |
| I. Q. DATA INTERNATIONAL, INC., *et al.*, § | |
| § | |
| Defendants § | |

**MOTION OF DEFENDANT G&I VIII CLUB OF THE ISLE JV LP TO DISMISS
COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED, OR IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:

NOW COMES **G&I VIII Club of the Isle JV LP**, one of the Defendants named in the above-entitled and numbered civil suit (**"G&I VIII Club of the Isle"**) and moves the Court to dismiss the First Amended Complaint (the "Complaint") filed in this case by the Plaintiff, **Jason Braatz** ("**Braatz**") for failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement. This motion is brought pursuant to the provisions of Rule 12(b)(6) and Rule 12(e), Federal Rules of Civil Procedure.

**The Complaint**

1.  Braatz's Complaint is brought under both a federal law, 15 U.S.C. § 1692, *et seq.*, known as the Fair Debt Collection Practices Act ("FDCPA"), and a state law, Texas Finance Code, § 392.001, *et. seq.*, referred to by Braatz in his Complaint as the "Texas Debt Collection Act" ("TDCA"). In his Complaint, Braatz seeks to recover actual damages, statutory damages, injunctive relief, costs, and an attorney's fee for alleged violations of the FDCPA and the TDCA.

The Complaint states various alleged wrongful acts by Defendant I.Q. DATA INTERNATIONAL, INC. (**"IQD"**), which is apparently in the debt collection business and allegedly attempted to collect a debt from Braatz, relating to a transaction pertaining to "a residential complex in Galveston, Texas", a complex where Braatz says he never lived. [Complaint at Page 2, ¶¶ 6, 7 and 8]. However, Braatz does not articulate in his Complaint exactly where G&I VIII Club of the Isle fits into this scenario or what, exactly, this entity has done to become a defendant in his lawsuit. In fact, several times in his Complaint, Braatz categorically states not only that that he never lived in the residential complex known as Club of the Isle, but also that he "informed IQD he did not owe a debt to The Club of the Isle" and that he (Braatz) "was unaware of The Club of the Isle". [Complaint at Page 2, ¶¶ 8 and 9, and Page 3, ¶¶ 10 and 12]. Braatz does not explain what G&I VIII Club of the Isle has done to Braatz, or what specific acts it has allegedly committed to violate either the FDCPA or the TDCA. No documents or other exhibits are attached to his Complaint that might shed light on these questions.

## Elements of a Claim Under the FDCPA

2.      Only a "debt collector" may be held liable for civil damages under the Fair Debt Collection Practices Act, or FDCPA. 15 U.S.C. § 1692k(a). In an appropriate case, a debt collector may be held liable for "any actual damages sustained" [subsection (1) of the cited statute], "such additional damages as the court may allow, but not exceeding $1,000" [subsection (2)(A) of the cited statute] plus "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." [subsection (3) of the cited statute]. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or*

*due or asserted to be owed or due another*." 15 U.S.C. § 1692k (a)(6) [emphasis added]. In general, the creditor itself is not subject to liability under the FDCPA, except for "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id. Subsection 6 of the cited statute also lists myriad other persons who are excluded from the definition of "debt collector", including "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. Clearly, the FDCPA is aimed at the conduct of third-party debt collectors, not the creditor itself or the creditor's employees or affiliates.

### **Elements of a Claim under Chapter 392 of the Texas Finance Code**

3. Section 392.403 (a) of the Texas Finance Code provides that "A person may sue for: (1) injunctive relief to prevent or restrain a violation of this chapter; and (2) actual damages sustained as a result of a violation of this chapter." Section 392.403 (b) provides for the recovery of attorney's fees and costs by "[a] person who successfully maintains an action under Subsection (a)". The substantive provisions of Chapter 392 forbids myriad debt collection methods involving: threats or coercion (Section 392.301); harassment or abuse (Section 392.302); unfair or unconscionable means (Section 392.303); fraudulent, deceptive or misleading representations (Section 392.304); and deceptive use of a credit bureau name (Section 392.305).

4. Section 392.001 (6) defines "debt collector" as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Section 392.001 (3) defines "creditor" as "a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." Section 302.001 (1) defines consumer as "an individual who has a consumer debt."

**The Complaint Fails to State a Cause of Action
Against G&I VIII Club of the Isle Under the FDCPA**

5.     For G&I VIII Club of the Isle to be liable to Braatz under the federal Fair Debt Collection Practices Act, it would have to be a "debt collector" within the meaning of 15 U.S.C. § 1692k (a)(6), which is limited to someone "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The only exception to this definition is in the same subsection: "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Id.  Clearly, Braatz's Complaint does not allege that this exception applies to G&I VIII Club of the Isle. Indeed, his Complaint insists that G&I VIII Club of the Isle is not a creditor of his, that he's never lived in the residential complex and that he "was unaware" of the existence of Club of the Isle. See citations to the Complaint in Paragraph 1 of this Motion, *supra*.

**The Complaint Fails to State a Cause of Action Against
G&I VIII Club of the Isle Under Chapter 392 of the Texas Finance Code**

6.     For G&I VIII Club of the Isle to be liable to Braatz under Chapter 392 of the Texas Finance Code, it would have to be a "debt collector" within the meaning of *that* statute. Braatz, in Paragraph 24 of his Complaint, makes the naked assertion that "Club of the Isle is a 'debt collector' as defined by § 392.001(6) of the TDCA" but alleges no subsidiary facts to support that assertion. Braatz, in Paragraph 17 of his Complaint, makes the assertion that "On information and belief, Club of the Isle placed the debt with IQD for collection" but alleges no subsidiary facts to support that assertion. And elsewhere in his Complaint, Braatz asserts that G&I VIII Club of the Isle is not his creditor, that he had never heard of Club of the Isle, and they never did business. And

nowhere in his Complaint does Braatz allege specific facts about what, exactly, G&I VIII Club of the Isle did to violate the TDCA.

### **Federal Rule 12(b)(6)—Failure to State a Claim Upon Which Relief Can Be Granted**

7.   Rule 12, Federal Rules of Civil Procedure, allows certain defenses to be raised by motion, but provides that such motion "must be made before pleading if a responsive pleading is allowed."  These defenses include the Plaintiff's failure to state a claim upon which relief can be granted under Rule 12 (b) (6), and G&I VIII Club of the Isle hereby asserts such a motion with respect to Braatz's Complaint in this case.  For the reasons stated above in this Motion, Braatz has totally failed to state a cause of action upon which relief can be granted as to G&I VIII Club of the Isle, and the Court should dismiss the Complaint as to this Defendant.

### **Federal Rule 12 (e)—Motion for a More Definite Statement**

8.   In the alternative, the Court should grant relief under Rule 12 (e), Federal Rules of Civil Procedure, and order Braatz to re-plead as to Defendant G&I VIII Club of the Isle because Braatz's Complaint is vague or ambiguous as to said Defendant.  At a minimum, a plaintiff must state in its complaint specific allegations of subsidiary facts—and not just conclusory statements—which, if later proven to be true, would be the basis for recovery under the statute that is the stated basis of that plaintiff's suit.

WHEREFORE, PREMISES CONSIDERED, Defendant G&I VIII Club of the Isle prays that the Court, after notice and an opportunity for a hearing as required by law, dismiss the Complaint as to said Defendant for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), or in the alternative, that the Court enter an order requiring Braatz to re-plead his case, with a more definite statement of the facts and elements of Braatz's

claims or causes of action as they relate to this Defendant, pursuant to FED. R. CIV. P. 12(e) and FED. R. Bankr. P. 7012(b).

    /s/ Weldon Ponder
B. WELDON PONDER, JR.
Attorney at Law
State Bar of Texas No. 16110400
Spicewood Professional Offices
4408 Spicewood Springs Road
Austin, Texas 78759
Phone (512) 342-8222 / Fax (512) 342-8444
Email address: welpon@austin.rr.com

ATTORNEY FOR DEFENDANT G&I VIII CLUB OF THE ISLE JV LP

## CERTIFICATE OF SERVICE

I, B. Weldon Ponder, Jr., the attorney for Defendant, G&I VIII Club of the Isle, I hereby certify that on the 4th day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com

Lee H. Staley
SERPE, JONES, ANDREWS, CALLENDER
& BELL, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
lstaley@serpejones.com jcoombs@serpejones.com bhamel@serpejones.com

    /s/ Weldon Ponder
B. Weldon Ponder, Jr.